Richard J. Bauer, Jr., Esq.
California Bar No. 147314
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
Costa Mesa, CA 92626
(714) 481-9100 / FAX (714) 481-9144
File No. 09-07146

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>NICOLAS RODRIGUEZ LUJANO,<br><br>Debtor. | Case No.: 09-11707 AJ<br>Chapter 13<br>R.S. No. N/A<br><br>**341a Meeting of Creditors –**<br>Date: August 18, 2009<br>Time: 02:00 P.M.<br>Place: Office of the U.S. Trustee<br>      777 Sonoma Avenue, #116<br>      Santa Rosa, CA 95404<br><br>**Confirmation Hearing –**<br>Date: September 29, 2009<br>Time: 01:30 P.M.<br>Place: U.S. BANKRUPTCY COURT<br>      99 South E Street<br>      Santa Rosa, CA 95404 |

<u>**OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF**</u>

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, Secured Creditor in the above-entitled Bankruptcy proceeding, hereby

///

1

submits the following Objections to Confirmation of that certain Chapter 13 Plan proposed by Debtor:

This objecting Secured Creditor holds the Trust Deed on the Debtor's property generally described as **5200 Yerba Buena Road, Santa Rosa, CA 95409** and legally described as:

> LOT 38, AS SAID LOT IS NUMBERED AND DESIGNATED UPON THE MAP OF RINCON VIEW ESTATES SUBDIVISION NO. 1, FILED AUGUST 31, 1967 IN THE OFFICE OF THE COUNTY RECORDER IN BOOK 118 OF MAPS, PAGE 46 AND 47, SONOMA COUNTY RECORDS.

Secured Creditor objects to the Value of Collateral as stated in paragraph 11 of Debtor's Plan as an improper attempt to reclassify Countrywide's first deed of trust lien from secured to partially unsecured. Such an attempt must be made by debtors by way of an adversary proceeding. Further, under §1322(b)(2), the Debtors may not modify Countrywide's security interest in the real property. See Nobelmann v. American Sav. Bank (1993) 508 US 324, 327-328 S.Ct. 2106, 2109.

**The relief sought by the Debtor must be brought by way of adversary proceeding and not by way of motion or a Chapter 13 Plan Classification.**

The Plan appears to argue that the lien of the first deed of trust is partially unsecured, and seeks to avoid the lien of that deed of trust. Rule 7001, Federal Rules of Bankruptcy Procedure, provides in relevant part:

"An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

. . . (2) a proceeding to determine the *validity*, priority, or *extent* of a lien or other interest in property, other than a proceeding under Rule 4003(d)." [Italics added]

Rule 4003(d), referred to in the quoted section, deals with proceedings under 11 U.S.C. § 522(f) and has no application here.

## The Classification of Secured Creditor is an improper attempt to strip Secured Creditor's lien from the Debtor's residence.

11 U.S.C. § 1322 provides, in relevant part:

"(b) Subject to subsections (a) and (c) of this section, the plan may--

. . .(2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." [Emphasis added]

Under §1322(b)(2), the Debtor may *not* modify Secured Creditor's security interest in that real property. See Nobelman v. American Sav. Bank 508 U.S. 324, 327-328, 113 S.Ct. 2106, 2109 (1993).

There is case law suggesting that a *junior* deed of trust lien may be reclassified as unsecured under 11 U.S.C. §506(a) and stripped off where the value of the senior deed of trust lien exceeds the value of the property and leaves the junior wholly unsecured, see e.g., Lam v. Investors Thrift (In re Lam, 211 B.R. 36 (B.A.P. 9th Cir. 1997). Such is not the case here, where the Debtor seeks, by a Chapter 13 Plan instead of by adversary proceeding, to strip off the *senior* lien. For the reasons above stated, this he cannot do, and confirmation of the plan should be denied.

What the debtor is attempting to do is to reclassify Secured Creditor's deed of trust lien from secured to partially unsecured, but according to Rule 7001(2), such attempt must be by way of adversary proceeding, not motion. Hence on this ground, as well as the other grounds discussed *infra*, confirmation of the plan must be denied.

///

///

3

As of June 8, 2009, the amount in default was $7,040.85, representing monthly payments and late charges due from April 1, 2009 through June 1, 2009; advances for taxes and insurance, if any; and foreclosure costs and attorneys' fees incurred with respect to the default.

Section 1325 of the Bankruptcy Code sets forth the requirements for confirmation of a Chapter 13 Plan. Among other things, the Court must make a finding that the plan is feasible as a condition to confirmation.

The Debtor has failed to comply with 11 U.S.C. §1322(b)(5). Since filing the instant bankruptcy petition, Debtor has failed to maintain the regular monthly Trust Deed payments. Accordingly, the Plan may not be confirmed.

The Plan fails to provide for Secured Creditor's claim and ongoing monthly payments. To cure the actual pre-petition arrearages within 60 months, Secured Creditor must receive $117.35 per month from the Debtor through the Plan.

Secured Creditor believes the Plan to be proposed in bad faith. Debtor is surrendering his residence and seeking to value the "income property" so that he can later sell or refinance at the market value at that time and still pay Secured Creditor the "modified" claim amount. The debtor has not stated where he will reside. The debtor is surrendering the property currently listed as his residence. If Debtor intends to rent another property then his Schedule J will need to be amended to provide for the rental costs. If Debtor intends to reside at the **"Yorba Buena"** property then he will need to amend his Schedule I as there would be no rental income. Either way Debtor's Plan is **not** feasible.

Here the Debtor has listed on Schedule I three primary sources of income from which he intends to fund the plan – income from real property in the amount of $3,180.00 and regular income from employer and spouse's operation of business in the total amount of $4,980.00.

4

The proposed Chapter 13 Plan is not feasible. Therefore, the Plan cannot be confirmed. 11 U.S.C. §1325(a)(6). Attached hereto as **Exhibits "1"** and **"2"** are Debtor's Schedule I – Income and Schedule J – Expenses, indicating that Debtor has **no** excess income. Debtor's Chapter 13 Plan proposes a monthly payment of $1,827.79 to the Trustee. The payment to Secured Creditor alone through Debtor's Chapter 13 Plan must be $117.35 per month.

Secured Creditor's Objections to Confirmation are supported by the Declaration of TONI PAPIO.

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for Secured Creditor's claim and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Debtor's proposed Chapter 13 Plan be denied and the case be dismissed.

WHEREFORE, Secured Creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) For dismissal of the Chapter 13 proceeding.

(3) For such other relief as this Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 08/17/09      By: Richard J. Bauer, Jr.
                          Richard J. Bauer, Jr., Esq.
                          Attorney for Movant