Richard J. Bauer, Jr., Esq.
California Bar No. 147314
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
Costa Mesa, CA 92626
(714) 481-9100 / FAX (714) 481-9144
File No. 09-07146

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>NICOLAS RODRIGUEZ LUJANO,<br><br>Debtor. | Case No.: 09-11707 AJ<br>Chapter 13<br>R.S. No. N/A<br><br>**Confirmation Hearing –**<br>Date: September 29, 2009<br>Time: 01:30 P.M.<br>Place: U.S. BANKRUPTCY COURT<br>99 South E Street<br>Santa Rosa, CA 95404 |

## SUPPLEMENTAL OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits the following Supplemental Objections to Confirmation of that certain Chapter 13 Plan proposed by Debtor:

This objecting Secured Creditor holds the Trust Deed on the Debtor's property generally described as **5200 Yerba Buena Road, Santa Rosa, CA 95409** and legally described as:

///

1

LOT 38, AS SAID LOT IS NUMBERED AND DESIGNATED UPON THE MAP OF RINCON VIEW ESTATES SUBDIVISION NO. 1, FILED AUGUST 31, 1967 IN THE OFFICE OF THE COUNTY RECORDER IN BOOK 118 OF MAPS, PAGE 46 AND 47, SONOMA COUNTY RECORDS.

### **Debtors' Chapter 13 Plan is an Improper Attempt to Modify the Terms of Secured Creditor's Lien**

The Debtors' proposed plan impermissibly modifies the terms of the Secured Creditor's claim secured by the Subject Property. Debtors' proposed treatment of Secured Creditor's claim contravenes current Ninth Circuit law. See In re Enewally, 368 F.3d 1165 (9th Cir. 2004).

In Enewally, Washington Mutual Bank held a single deed of trust against the debtor's non-residential property in the amount of $245,023. *Id.* at 1167. The debtor's Chapter 13 plan valued the collateral property at $210,000. *Id.* Thus, pursuant to section 506(a) and 1322(b)(2), the Bank's claim was bifurcated and deemed unsecured in the amount of $35,023. *Id.* The confirmed plan provided for monthly payments on the secured portion of the Bank's claim beyond the five year life of the plan. *Id.* The Ninth Circuit held that a "debtor may not invoke both a modification of a secured creditor's claim under section 1322(b)(2) and the right to 'cure and maintain' over the life of the original loan as authorized under section 1322(b)(5)." *Id.* at 1171.

### **A Single Lump Sum Payment Violates the Equal Payment Provision of Section 1325(a)(5)(B)(iii)(I).**

Debtors' proposed plan provides a provision indicating Secured Creditor's claim will be paid between the 48th and 60th month of the Plan by way of sale or refinance. This is an apparent attempt by Debtors to circumvent the holding set forth in Enewally. This, however, is also an impermissible treatment under the bankruptcy code and existing Ninth Circuit Law. See In re Acosta, 2009 WL 2849096 (Bkrtcy.N.D.Cal.) (9th Cir. 2009).

2

Case: 09-11707    Doc# 18    Filed: 09/22/09    Entered: 09/22/09 17:25:53    Page 2 of 6

Section 1325(a)(5)(B)(iii)(I) provides that if the plan calls for payments to a secured creditor, those payments shall be in equal monthly amounts. In <u>Acosta</u>, a decision rendered by this Court, the Debtors plan proposed adequate protection payments to the trustee, while the principle was to be paid in one installment upon Debtors' refinance or sale of the real property. The Court held by proposing a balloon payment at the end, the plan violates the "equal payment" provision of 1325(a)(5)(B)(iii)(I) added by Congress in 2005.

In reaching its decision, the Court in <u>Acosta</u> relied upon the ruling set forth in <u>In re Hamilton</u>, 401 B.R. 539 (B.A.P. 1st Cir. 2009). "Congress enacted the equal payment provision and a companion provision to post confirmation plan payment in response to creditors concerns about a balloon and quarterly payment." Id. at 543. In order to address the abusive practice of balloon payments, Congress enacted the equal payment provision of section 1325(a)(5)(B)(iii)(II). Accordingly, the Court held a balloon payment is not equal to the preceding payment and therefore it is prohibited by section 1325(a)(5)(B)(iii)(I). Id. "By requiring full amortization over the life of traditional plan payments, the debtor's feasibility burden was increased and the creditor's risk decreased." id.

Debtors' proposed chapter 13 must comply with 11 U.S.C §1325. As Debtors' plan seeks to strip Secured Creditor's lien pursuant to 506(a), the claim must be paid during the life of the plan. The equal payment provision of section 1325(a)(5)(B)(iii)(I) mandates payments shall be made in "equal periodic payments." Debtors' plan provision, which proposes a balloon payment at the end of the plan, is impermissible and the Plan may not be confirmed.

Secured Creditor believes the Plan to be proposed in bad faith. Debtor is surrendering his residence and seeking to value the "income property" so that he can later sell or refinance at the market value at that time and still pay Secured Creditor the "modified" claim amount. The debtor has not stated where he will reside. The debtor is surrendering the property currently

3

1 | listed as his residence. If Debtor intends to rent another property then his Schedule J will need to
2 | be amended to provide for the rental costs. If Debtor intends to reside at the **"Yorba Buena"**
3 | property then he will need to amend his Schedule I as there would be no rental income. Either
4 | way Debtor's Plan is **not** feasible.

### The Classification of Secured Creditor is an improper attempt to strip Secured Creditor's lien from the Debtor's residence.

11 U.S.C. § 1322 provides, in relevant part:

"(b) Subject to subsections (a) and (c) of this section, the plan may--

. . .(2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." [Emphasis added]

Under §1322(b)(2), the Debtor may *not* modify Secured Creditor's security interest in that real property. See Nobelman v. American Sav. Bank 508 U.S. 324, 327-328, 113 S.Ct. 2106, 2109 (1993).

There is case law suggesting that a *junior* deed of trust lien may be reclassified as unsecured under 11 U.S.C. §506(a) and stripped off where the value of the senior deed of trust lien exceeds the value of the property and leaves the junior wholly unsecured, see e.g., Lam v. Investors Thrift (In re Lam, 211 B.R. 36 (B.A.P. 9th Cir. 1997). Such is not the case here, where the Debtor seeks, by a Chapter 13 Plan instead of by adversary proceeding, to strip off the *senior* lien. For the reasons above stated, this he cannot do, and confirmation of the plan should be denied.

The enactment of the antimodification clause of §1322(b)(2) was intended to protect the traditional home mortgage lender and encourage the flow of capital into the home lending

4

market. In an apparent attempt to circumvent the antimodification clause of §1322(b)(2), specifically its principal residence requirement, Debtors proposed plan conveniently characterizes their "only" real property asset as "non owner occupied," which Secured Creditor believes is disingenuous and proposed in bad faith.

The antimodification clause of §1322(b)(2) should not so easily be left susceptible to abuse and debtor manipulation. Debtors should not be allowed to merely modify the use of their property to escape the antimodification clause and intent of Congress. Rather, §1322(b)(2) appears to have been enacted to deter such practices and assure lenders that its rights under the subject mortgage could not be modified through bifurcation in a future Chapter 13 case involving its borrowers. Accordingly, as Debtors may not strip Secured Creditor's claim, confirmation of the plan should be denied.

Secured Creditor objects to the debtor's valuation of the subject real property and believes that the value of the subject property is greater than the value alleged by the debtor. Secured Creditor is in the process of obtaining an interior inspection appraisal of the subject property.

If confirmation is not denied on procedural grounds, than Secured Creditor would request the confirmation hearing be continued so that Secured Creditor can present its own valuation based on the appraisal that Secured Creditor is obtaining.

### CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for Secured Creditor's claim and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Debtor's proposed Chapter 13 Plan be denied and the case be dismissed.

WHEREFORE, Secured Creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) For dismissal of the Chapter 13 proceeding.

(3) For such other relief as this Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 09/22/09      By:   /s/ Richard J. Bauer, Jr.
                           Richard J. Bauer, Jr., Esq.
                           Attorney for Movant