Richard J. Bauer, Jr., Esq.
California Bar No. 147314
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Ave., Suite 200
Costa Mesa, CA 92626
(714) 481-9100 / FAX (714) 481-9144
File No. 09-07146

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>NICOLAS RODRIGUEZ LUJANO,<br><br>Debtor. | Case No.: 09-11707 AJ<br>Chapter 13<br>R.S. No. N/A<br><br>**Confirmation Hearing --**<br>Date: November 16, 2009<br>Time: 01:30 P.M.<br>Place: U.S. BANKRUPTCY COURT<br>99 South E Street<br>Santa Rosa, CA 95404<br>Courtroom N/A |

## OBJECTIONS TO PROPOSED CHAPTER 13 FIRST AMENDED PLAN AND CONFIRMATION THEREOF

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of that certain Chapter 13 First Amended Plan proposed by Debtor:

This objecting Secured Creditor holds the Trust Deed on the Debtor's property generally described as **5200 Yerba Buena Road, Santa Rosa, CA 95409** and legally described as:

1

LOT 38, AS SAID LOT IS NUMBERED AND DESIGNATED UPON THE MAP OF RINCON VIEW ESTATES SUBDIVISION NO. 1, FILED AUGUST 31, 1967 IN THE OFFICE OF THE COUNTY RECORDER IN BOOK 118 OF MAPS, PAGE 46 AND 47, SONOMA COUNTY RECORDS.

As of June 8, 2009, the amount in default was $7,040.85, representing monthly payments and late charges due from April 1, 2009 through June 1, 2009; advances for taxes and insurance, if any; and foreclosure costs and attorneys' fees incurred with respect to the default.

Section 1325 of the Bankruptcy Code sets forth the requirements for confirmation of a Chapter 13 Plan. Among other things, the Court must make a finding that the plan is feasible as a condition to confirmation.

Here the Debtor has listed on Schedule I three primary sources of income from which he intends to fund the plan – income from real property in the amount of $3,180.00 and regular income in the amount of $1,800.00.

The Plan does not propose a reasonable schedule and time period for the payment of arrearages on the trust deed obligations of the Debtor. The payoff period and monthly repayment amount proposed by Debtor are unreasonable considering Debtor's past non-payment history. Further, the repayment sum will not fully pay off the arrearages currently owing to Secured Creditor over the term of the Plan. To cure the actual pre-petition arrearages within 60 months, Secured Creditor must receive $117.35 per month from the Debtor through the Plan.

The Debtor has failed to comply with 11 U.S.C. §1322(b)(5). Since filing the instant bankruptcy petition, Debtor has failed to maintain the regular monthly Trust Deed payments. Accordingly, the Plan may not be confirmed.

The proposed Chapter 13 Amended Plan is not feasible. Therefore, the Plan cannot be confirmed. 11 U.S.C. §1325(a)(6). Attached hereto as **Exhibits "1" and "2"** are Debtor's

Schedule I – Income and Amended Schedule J – Expenses, indicating that Debtor has excess income of $847.00 per month, however, the proposed plan payment is $925.00 a month. Also, the Schedule J does not indicate Debtor's expenses for rent, and the subject property is his rental property. The payment to Secured Creditor alone through Debtor's Chapter 13 Plan must be $117.35 per month.

Secured Creditor's Objections to Confirmation are supported by the Declaration of GILBERT LEAL-GARCIA.

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for Secured Creditor's claim and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Debtor's proposed Chapter 13 Plan be denied and the case be dismissed.

WHEREFORE, Secured Creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) For dismissal of the Chapter 13 proceeding.

(3) For such other relief as this Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 10/27/09      By: /s/ Richard J. Bauer, Jr.
                          Richard J. Bauer, Jr., Esq.
                          Attorney for Movant