**Entered on Docket
May 10, 2010**
**GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

Evan Livingstone, SBN 252008

PO Box 6107
Santa Rosa CA 95406
Phone: (707) 206-6570
Fax:    (707) 676-9112
Cell:   (707) 326-7338
Email:  evanlivingstone@sbcglobal.net

Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                          Case No.09-11707

    Nicholas Rodriguez Lujano                 Chapter 13

    Debtors(s)                                             Hearing
                                                               Date:   February 8, 2010
_____/                              Time:   1:30 PM
                                                               Place:  99 E Street, Santa Rosa, CA

### ORDER VALUING LIEN AS $0 AND ORDER AVOIDING
### LIEN UPON COMPLETION OF CHAPTER 13 PLAN

At the above date and time the court held a hearing on Debtor(s)' motion to value the junior lien of Bank of America ("Junior Lienholder") against the property commonly known as 5200 Yerba Buena Rd, Santa Rosa, CA 95404 (APN is 153-450-040-000) (hereinafter the "Real Property") at $0, and to avoid that lien upon completion of Debtor(s)' chapter 13 plan.

The Junior Lien which Debtor(s) seek to avoid is that which secures Junior Lienholder's loan number is 118629979, opened about 3/8/2006, which had a principal balance of $67,981 at the time of Debtor's bankruptcy filing and is secured by a Deed of Trust recorded with the Sonoma County Recorder on 3/21/2006 as Instrument No. 2006032694 ("Junior Lien").

Evan Livingstone appeared for Debtor(s) at the hearing. There was no appearance for Junior Lienholder. The court finds that notice of the motion was proper. There having been no opposition to the motion, and good causing appearing,

IT IS HEREBY ORDERED

(1) For purposes of Debtor(s)'chapter 13 plan only, the Junior Lien of Bank of America is valued at $0, Junior Lienholder does not have a secured claim, and the Junior Lien may not be enforced, pursuant to 11 U.S.C. §§506, 1322 (b)(2) and 1327.

(2) Upon entry of a discharge in Debtor(s)' chapter 13 case, Junior Lien shall be voided for all purposes, and upon application by Debtor(s), the court will enter an appropriate form of judgment voiding the Junior Lien.

(3) If Debtor(s)' chapter 13 case is dismissed or converted to one under another chapter before Debtor(s) obtain a discharge, this order shall cease to be effective and the Lien shall be retained by the Junior Lienholder to the extent recognized by applicable non-bankruptcy law.

Dated: May 10, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge